# MINUTE ORDER

| | |
|---|---|
| CASE NUMBER: | CIVIL NO. 20-00053 LEK-WRP |
| CASE NAME: | Stephana Wooden et al., vs. Comprehensive Health Management, Inc. et al., |

| | | | |
|---|---|---|---|
| JUDGE: | Leslie E. Kobayashi | DATE: | 05/28/2021 |

COURT ACTION:  EO: COURT ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR LEAVE TO FILE SELECT SUMMARY JUDGMENT EXHIBITS UNDER SEAL

On May 27, 2021, Defendants Comprehensive Health Management, Inc., and Wellcare Health Insurance of Arizona, Inc. ("Defendants") filed their Motion for Leave to File Select Summary Judgment Exhibits Under Seal ("Motion"). [Dkt. no. 103.] The Motion is suitable for disposition without a hearing, pursuant to Local Rule 7.1(c), and without further briefing.

With respect to a motion to seal,

> [u]nless a particular court record is one "traditionally kept secret," a "strong presumption in favor of access" is the starting point. Foltz [v. State Farm Mut. Auto. Ins.], 331 F.3d [1122,] 1135 [(9th Cir. 2003)] (citing Hagestad v. Tragesser, 49 F.3d 1430, 1434 (9th Cir. 1995)).  A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the "compelling reasons" standard.  Foltz, 331 F.3d at 1135.  That is, the party must "articulate[] compelling reasons supported by specific factual findings," id. (citing San Jose Mercury News, Inc. v. U.S. Dist. Ct., 187 F.3d 1096, 1102–03 (9th Cir. 1999)), that outweigh the general history of access and the public policies favoring disclosure, such as the "'public interest in understanding the judicial process.'" Hagestad, 49 F.3d at 1434 (quoting EEOC v. Erection Co., 900 F.2d 168, 170 (9th Cir. 1990)).

Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178–79 (9th Cir. 2006) (some alterations in Kamakana).  "In sum, we treat judicial records attached to dispositive motions differently from records attached to non-dispositive motions.  Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy." Id. at 1180 (citing Foltz, 331 F.3d at 1136).

Defendants seek leave to file exhibits containing personal, medical, and financial information attached to a motion for summary judgment, a dispositive motion, as well as

portions of the motion itself, under seal. Therefore, they bear the burden of overcoming the presumption of access with compelling reasons. See Foltz, 331 F.3d at 1136. The compelling reasons standard applies even where the documents at issue in the Motion were designed as confidential when they were produced pursuant to a protective order. See Kamakana, 447 F.3d at 1179 ("The 'compelling reasons' standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order." (citation omitted)).

Defendants' burden is met with respect to all exhibits identified in the Motion that contain medical records, documents that discuss medical records, and documents that contain medical information found in medical records because medical records are confidential, as recognized under the Health Insurance Portability and Accountability Act of 1996. See, e.g., Pratt v. Gamboa, Case No. 17-CV-04375-LHK, 2020 WL 8992141, at *2 (N.D. Cal. May 22, 2020) ("Courts routinely conclude that 'the need to protect medical privacy qualifies as a "compelling reason" for sealing records.'" (quoting Steven City Broomfield v. Aranas, No. 17-CV-00683-MMD-WGC, 2020 WL 2549945, at *2 (D. Nev. May 19, 2020)) (citing Liaw v. United Airlines, Inc., No. 19-CV-00396-WHA, 2019 WL 6251204, at *10 (N.D. Cal. Nov. 22, 2019))). Although in the Motion Defendants also seek leave to file their pleadings under seal, [Motion at 6,] on May 27, 2021, Defendants filed their motion for summary judgment. See dkt. no. 106. Therefore, the Motion is construed as only seeking leave to file exhibits under seal, not the pleadings themselves.

With respect to exhibits containing financial institution banking numbers or other confidential financial information, Defendants have not met their burden of showing that compelling reasons support secrecy, because this information can be redacted as necessary and the exhibit can be filed in accordance with the general presumption in favor of access. As to all other exhibits not containing the above-described medical or financial information, Defendants' counsel's representation that the information "is not generally available to the public" does not satisfy the compelling reasons standard. See Motion at 5; Pryor v. City of Clearlake, No. C 11-0954 CW, 2012 WL 2711032, at *2 (N.D. Cal. July 6, 2012) (noting that a generalized assertion of a privacy interest is insufficient to meet the compelling reasons standard necessary to overcome the presumption in favor of disclosure (citing Kamakana, 447 F.3d at 1184)).

In sum, Defendants' Motion is GRANTED IN PART as to any of the exhibits listed in the Motion that contain confidential medical information, and DENIED IN PART as to all other exhibits. Defendants may file redacted versions of any exhibits listed in the Motion that contain confidential financial information. Defendants are ORDERED to file the exhibits they have been granted leave to file under seal and all other documents that must be publicly filed, with the redactions described in this entering order, by **June 10, 2021**.

IT IS SO ORDERED.

Submitted by: Agalelei Elkington, Courtroom Manager